

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-77,853-02

**EX PARTE AARON MEACHELL REED, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W00-00199-U IN THE 291st DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Reed v. State*, No. 05-00-01726-CR (Tex. App.—Dallas October 12, 2001) (not designated for publication).

Applicant contends, *inter alia*, that he was deprived of an opportunity to file a petition for discretionary review (PDR) due to the ineffective assistance of his appellate counsel. Counsel has

filed an affidavit stating that, due to Applicant's delay in raising this claim, she has no independent recollection of Applicant's case. The trial court recommends relief be granted in the form of an out-of-time PDR. We disagree.

The Applicant has waited almost eleven years to raise this out-of-time PDR claim based upon an allegation of ineffective assistance of counsel. In *Ex parte Crow*, we opined:

> The question then becomes whether counsel's conduct caused the deprivation. In the PDR context, satisfying that showing entails: (1) demonstrating that the appellant was entitled to be in the appellate process, and (2) absent counsel's conduct, the appellant would have timely filed a PDR. When the appellant has no right to appeal, he can hardly be in position to complain about the denial of a PDR. In that circumstance, there should have been no occasion to file a PDR because appeal itself was unauthorized.... Likewise, when an appellant would not have filed a PDR anyway, even if he had been notified in compliance with *Wilson*[1], then the attorney's action cannot be said to have caused the deprivation.[2]

Given Applicant's extreme delay in raising this claim, we find he has not shown that, absent any allegedly deficient conduct on the part of counsel, he would have timely filed a PDR. Relief is denied.

All of the Applicant's other grounds for relief are denied.

Filed: October 14, 2015
Do not publish

---

[1] *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

[2] *Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005).